UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ENRICO MCKINNEY,

                            Case No.:

        Plaintiff,

v.

CITY OF RIVER ROUGE,
a Municipal Corporation,
JOHN DOES,
COUNTY OF WAYNE,
a Municipal Corporation,

        Defendants.

---

MOSS & COLELLA, P.C.
BY: A VINCE COLELLA (P49747)
    MELANIE J. DUDA (P77165)
    MATTHEW C. MCCANN (P85286)
*Attorneys for Plaintiff*
28411 Northwestern Hwy., Suite 1150
Southfield, MI 48034
248-945-0100 / F: 248-945-1801
vcolella@mosscolella.com

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

There is no other pending or resolved
civil action arising out of the transaction or
occurrence alleged in this Complaint.

   /s/ A. Vince Colella
   A. VINCE COLELLA (P49747)

1

NOW COMES the Plaintiff, ENRICO MCKINNEY, by and through his attorneys, MOSS & COLELLA, P.C., by A. VINCE COLELLA, and for his Complaint and Demand for Jury Trial against the above-named Defendants, states as follows:

**PRELIMINARY STATEMENT**

1.     This is a civil rights action for damages brought pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 and the Fourth and Fourteenth Amendments to the United States Constitution, and related state law claims against:

(a) Defendant CITY OF RIVER ROUGE for its unconstitutional policies and procedures, resulting in serious and potentially permanent injuries to Plaintiff ENRICO MCKINNEY;

(b) Defendants JOHN DOES Police Officers for their wrongful acts resulting in serious and potentially permanent injuries to Plaintiff ENRICO MCKINNEY; and

(c) Defendants CITY OF RIVER ROUGE and COUNTY OF WAYNE for wrongful denials of requests made by Plaintiff ENRICO MCKINNEY pursuant to the Michigan Freedom of Information Act in connection with gathering information to pursue the claims outlined in (a) and (b).

**PARTIES, JURISDICTION AND VENUE**

2.     Plaintiff ENRICO MCKINNEY is a resident of the City of Detroit, County of Wayne, State of Michigan, within the geographical boundaries of the Eastern District of Michigan, Southern Division.

3.     Defendant CITY OF RIVER ROUGE is a municipal corporation which, pursuant to its lawful authority, operates the River Rouge Police.  At all material times, Defendant CITY OF RIVER ROUGE River Rouge Police were acting under color of state law.  Defendant CITY OF RIVER ROUGE is located entirely within the geographical boundaries of the Eastern of Michigan, Southern Division, and is also the location for the encounter between Plaintiff ENRICO MCKINNEY and River Rouge Police which is the basis for this complaint.

4.     Defendants JOHN DOE Police Officers were at all times relevant to this Complaint police officers of the Defendant CITY OF RIVER ROUGE River Rouge Police acting under color of law.  Upon information and belief, these defendants reside within the geographical boundaries of the Eastern District of Michigan, Southern Division.   Additionally, the location for the encounter between Plaintiff ENRICO MCKINNEY and Defendants JOHN DOE Police Officers that is the basis for this complaint is in the City of River Rouge, which city in turn is located entirely within the geographical boundaries of the Eastern of Michigan, Southern Division.

3

5.     Defendant COUNTY OF WAYNE is a municipal corporation, which, pursuant to its lawful authority, operates the COUNTY OF WAYNE Office of the Prosecuting Attorney.  At all material times, Defendant COUNTY OF WAYNE Office of the Prosecuting Attorney was acting under color of state law.  Defendant COUNTY OF WAYNE is located entirely within the geographical boundaries of the Eastern of Michigan, Southern Division.

6.     Jurisdiction is based on 28 U.S.C. §§ 1331 and 1343.

7.     Venue is proper under 28 U.S.C § 1391(b)(1) and/or (2).

8.     The amount in controversy satisfies the jurisdictional limits of this Court as damages in this matter exceed seventy-five thousand dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

## FACTS

9.     On or about August 14, 2022, in the early afternoon Plaintiff ENRICO MCKINNEY was operating a vehicle in the City of River Rouge when the control arm of that vehicle snapped.

10.     The control arm of the vehicle snapping caused Plaintiff ENRICO MCKINNEY to lose control of the vehicle he was operating.  As a result, the vehicle he was operating made minimal contact with several parked cars, after which contact he was able to stop his vehicle to assess the damage and take responsibility.

4

11.     Soon after, Defendant CITY OF RIVER ROUGE River Rouge Police Department / Defendants JOHN DOES Police Officers arrived at the scene.

12.     Just before Defendant CITY OF RIVER ROUGE River Rouge Police Department / Defendants JOHN DOES Police Officers arrived at the scene, Plaintiff ENRICO MCKINNEY had realized he did not have his phone on him and went back to his vehicle to retrieve his phone.

13.     After he had retrieved his phone, Defendants JOHN DOES Police Officers told Plaintiff ENRICO MCKINNEY to put his hands up.

14.     Plaintiff ENRICO MCKINNEY complied with this directive and in doing so dropped his phone to the ground.

15.     Defendants JOHN DOES Police Officers then aggressively handled Plaintiff ENRICO MCKINNEY and shoved him onto the ground.

16.     Subsequently, Defendants JOHN DOES Police Officers handcuffed Plaintiff ENRICO MCKINNEY, and once cuffed, dragged him to a Defendant CITY OF RIVER ROUGE River Rouge Police vehicle with his face and arms dragging on the street.

17.     Once in the Defendant CITY OF RIVER ROUGE River Rouge Police vehicle,  Defendants JOHN DOES Police Officers transported Plaintiff ENRICO MCKINNEY to the River Rouge Police Station.

18.   At the River Rogue Police Station, Defendants JOHN DOES Police Officers pushed Plaintiff ENRICO MCKINNEY and slammed him down on his wrists at various points, including when, still handcuffed, he attempted to stand up.

19.   Plaintiff ENRICO MCKINNEY was told, while in a holding cell at the River Rouge Police Department, to "Shut the f%^* up" and/or ignored when he let Defendants JOHN DOES Police Officers know that his wrists were purple and asked them to loosen the handcuffs.

20.   As a result of the willful and wanton, grossly negligent, reckless, and otherwise deliberately indifferent conduct of Defendant CITY OF RIVER ROUGE River Rouge Police Department and Defendants JOHN DOES Police Officers, Plaintiff ENRICO MCKINNEY suffered injuries including, but not limited to, his head, face, and wrists.

21.   As a direct and proximate result of the willful and wanton, grossly negligent, reckless, and otherwise deliberate indifferent conduct of Defendant CITY OF RIVER ROUGE River Rouge Police Department and Defendants JOHN DOES Police Officers, Plaintiff ENRICO MCKINNEY suffered violations of his constitutional rights under 42 U.S.C. §§ 1983, 1985, and 1986, and the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable seizure of the person.

22.   The actions of Defendant CITY OF RIVER ROUGE River Rouge Police Department and Defendants JOHN DOES Police Officers violated the following clearly established and well-settled constitutional rights of Plaintiff ENRICO MCKINNEY:

    a.   Freedom from unreasonable seizure of the person;

    b.   Freedom from grossly negligent treatment and handling while in the custody and custodial care of the Defendant CITY OF RIVER ROUGE River Rouge Police Department and Defendants JOHN DOES Police Officers;

    c.   Freedom from gross, reckless, and otherwise deliberate indifference to his life, health, and well-being.

23.   In the course of investigating the facts underlying this action over the last one year, eleven months, Plaintiff ENRICO MCKINNEY has made multiple requests pursuant to the Michigan Freedom of Information Act both to Defendant CITY OF RIVER ROUGE River Rouge Police Department and Defendant COUNTY OF WAYNE Office of the Prosecuting Attorney, all of which have been denied.

24.   On August 25, 2022, Plaintiff's attorney sent a letter to the FOIA Coordinator for the River Rouge Public Safety Bureau, requesting:

Any and all files, records, reports, incident reports, investigation records/reports, scene investigation/reports, warrants, witness statements, photographs, video and audio tape, surveillance footage, 911 transmissions, e-mails, memorandums, correspondence, reconstruction reports, drawings, diagrams, measurements, internal memos, computer aided dispatch (CAD) communications and any other written or recorded information pertaining to the arrest, apprehension and/or detention of Enrico McKinney on August 14

2022 in the City of River Rogue.

Please include ALL dash-camera and ALL body-camera footage[.]

25.    Having received no response to the August 25, 2022 FOIA Request,

Plaintiff's attorney sent another identical request on September 20, 2022.

26.    In a letter dated October 3, 2022, Defendant CITY OF RIVER

ROUGE, through its Office of the Director of Public Safety, denied Plaintiff's

FOIA request, explaining:

> A warrant request was submitted to the Wayne County APA officer for
> review. This is an open case and still waiting on a response from County.
> Mr. McKinney has not been formally arraigned on the pending charges
> against him.

27.    On March 3, 2023, Plaintiff's attorney sent a third FOIA request

requesting the identical materials, documents, and information as had been

requested in the August 25, 2022 and September 20, 2022.

28.    On March 6, 2023, Defendant CITY OF RIVER ROUGE, through its

Office of the Director of Public Safety, responded to the March 3, 2023 Request

that "I just checked and this case is still under review with the Wayne County

Prosecutors Office.  We cannot release any information at this time."

29.    On May 22, 2024, after receiving none of the information or

materials in response to its three FOIA requests to Defendant CITY OF RIVER

ROUGE, Plaintiff's attorney sent a fourth FOIA request, this one to Defendant

COUNTY OF WAYNE Office of the Prosecuting Attorney.  That fourth FOIA

request sought:

Any and all prosecution materials, files, and /or documents, including but not limited to, reports, incident reports, investigation records/reports, scene investigation/reports, warrants, witness statements, photographs, video and audio tape, surveillance footage, 911 transmissions, e-mails, memorandums, faxes, correspondence, reconstruction reports, drawings, diagrams, measurements, internal memos, computer aided dispatch (CAD) communications and any other written or recorded information pertaining to the arrest, apprehension detention, investigation and/or prosecution of Enrico Ramone McKinney in connection with the August 14, 2022 arrest in the City of River Rouge. Mr. McKinney's date of birth is March 3, 1985.

Any and all prosecution materials, files, and /or documents pertaining to the investigation and/or prosecution of any officer of the River Rouge Police Department or other law enforcement agency in connection with their actions taken in connection with the arrest of Enrico Ramone McKinney on August 14, 2022.

*Please include ALL dash-camera and ALL body-camera footage.

30.    In a letter dated May 31, 2024, Defendant COUNTY OF WAYNE, through its Office of the Prosecuting Attorney, denied the fourth FOIA request indicating that "This is still an ongoing case.  Release of these records would interfere with law enforcement proceedings and the right to a fair trial, pursuant to MCL 15.243(1)(b)."

31.    To date, no information or materials have been provided by either Defendant CITY OF RIVER ROUGE or Defendant COUNTY OF WAYNE in response to the four FOIA requests.

**COUNT I:**
**DEPRIVATION OF CIVIL RIGHTS**
**IN VIOLATION OF 42 U.S.C. § 1983 AGAINST**
**DEFENDANTS JOHN DOES POLICE OFFICERS**
**(FOURTH AMENDMENT - EXCESSIVE FORCE)**

32.    Plaintiff adopts and incorporates by reference each and every allegation in each preceding paragraph as though fully set forth herein.

33.    Pursuant to 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution, Defendants JOHN DOES Police Officers owed Plaintiff ENRICO MICKINNEY a duty to act prudently, with reasonable care, and otherwise to avoid unreasonable and excessive force.

34.    A reasonable officer in the position of Defendants JOHN DOES Police Officers at the time of this incident – i.e., prior to the use of excessive force against Plaintiff ENRICO MCKINNEY – would have known, in light of existing law, that the unlawfulness of this action was apparent under the circumstances, would be a violation of clearly established law, and of Plaintiff ENRICO MCKINNEY's rights against unlawful excessive force.

35.    As a direct and proximate result of the aforementioned conduct, Plaintiff ENRICO MCKINNEY suffered terror and fear as Defendants JOHN DOES Police Officers dragged him on the street, shoved him down and slammed parts of his body against surfaces. Plaintiff ENRICO MCKINNEY also suffered physical injury, emotional distress, psychological trauma, conscious pain and

suffering, loss of society and companionship, and ultimately serious and permanent injury as the result of the aforementioned conduct.

## COUNT II:
## *MONELL* LIABILITY AGAINST
## DEFENDANT CITY OF RIVER ROUGE
## (UNCONSTITUTIONAL POLICY OR
## PROCEDURE IN VIOLATION OF 42 U.S.C. § 1983)

36.     Plaintiffs adopt and incorporate by reference each and every allegation in each preceding paragraph as though fully set forth herein.

37.     Defendant CITY OF RIVER ROUGE had an unconstitutional policy, practice, and/or custom of allowing officers to use excessive force against citizens.

38.     Defendant CITY OF RIVER ROUGE's above listed polices, practices, and/or customs regarding the use of excessive force against non-dangerous subjects was the moving force and proximate cause of injuries to Plaintiff ENRICO MCKINNEY.

39.     Additionally, Defendant CITY OF RIVER ROUGE had an unconstitutional policy, practice, and/or custom of failing to train officers regarding the proper use of force and/or to adequately investigate and discipline police officers who used excessive force on citizens.

40.     Defendant CITY OF RIVER ROUGE's above listed failure to adequately train, investigate, and discipline officers using excessive force was the moving force and proximate cause of injuries to Plaintiff ENRICO MCKINNEY.

11

41.     As a direct and proximate result of the aforementioned conduct, Plaintiff ENRICO MCKINNEY suffered terror and fear as Defendants JOHN DOES Police Officers dragged him on the street, shoved him down and slammed parts of his body against surfaces. Plaintiff ENRICO MCKINNEY also suffered physical injury, emotional distress, psychological trauma, conscious pain and suffering, loss of society and companionship, and ultimately serious and permanent injury as the result of the aforementioned conduct.

### COUNT III
### CLAIM FOR REASONABLE COSTS, DISBURSEMENTS AND ATTORNEY FEES IN BRINGING ACTIONS UNDER 42 U.S.C. §§ 1983, 1985, AND 1986 PURSUANT TO 42 U.S.C. § 1988

42.     Plaintiff re-alleges and incorporates by reference all of the preceding paragraphs of this Complaint, as though fully set forth herein.

43.     Defendant CITY OF RIVER ROUGE and Defendants JOHN DOES Police Officers caused actual deprivation of Plaintiff ENRICO MCKINNEY's civil rights under color of law in violation of the applicable sections cited herein.

44.     As a direct and proximate result of said actions, Plaintiff ENRICO MCKINNEY is forced to bring suit against Defendants CITY OF RIVER ROGUE and JOHN DOES Police Officers under the applicable statutes cited herein.

45.     Plaintiff, therefore, is entitled under 42 U.S.C. § 1988, and other applicable sections, to recover reasonable costs, disbursements, and attorney fees on the Claims for Relief.

## COUNT IV: ASSAULT AND BATTERY AGAINST DEFENDANTS JOHN DOES POLICE OFFICERS (IN VIOLATION OF STATE LAW)

46.     Plaintiff adopts and incorporates by reference each and every allegation in each preceding paragraph as though fully set forth herein.

47.     The aforementioned actions and conduct of Defendants JOHN DOES Police Officers as incorporated herein, were willful, wanton, intentional, and/or reckless.

48.     The aforementioned actions and conduct of Defendants JOHN DOES Police Officers as incorporated herein, created a reasonable apprehension of an immediate threat of harm and/or offensive touching to Plaintiff ENRICO MCKINNEY.

49.     The aforementioned actions and conduct by Defendants JOHN DOES Police Officers as incorporated herein, did in fact constitute an offensive and harmful touching of Plaintiff ENRICO MCKINNEY.

50.     Defendants JOHN DOES Police Officers knew or should have known that their aforementioned actions and/or conduct would cause injury to Plaintiff ENRICO MCKINNEY and furthermore, his conduct did in fact cause the aforementioned injury to him.

51.     As a direct and proximate result of the aforementioned conduct, Plaintiff ENRICO MCKINNEY suffered terror and fear as Defendants JOHN DOES Police Officers dragged him on the street, shoved him down and slammed

parts of his body against surfaces.  Plaintiff ENRICO MCKINNEY also suffered physical injury, emotional distress, psychological trauma, conscious pain and suffering, loss of society and companionship, and ultimately serious and permanent injury as the result of the aforementioned conduct.

## COUNT V: VIOLATION OF THE MICHIGAN FREEDOM OF INFORMATION ACT

52.    Plaintiff re-alleges and incorporates by reference all of the preceding paragraphs of this Complaint, as though fully set forth herein.

53.    At all material times, Plaintiff ENRICO MCKINNEY was a "person" as defined by MCL § 15.232(c).

54.    At all material times, Defendants CITY OF RIVER ROUGE and COUNTY OF WAYNE, were each a "public body" as defined by MCL § 15.232(d)(iii), such that they had custody and control of  "public records," as defined by MCL § 15.232(e), pertaining to the above-described injuries to Plaintiff ENRICO MCKINNEY and the August 14, 2022 incident.

55.    Pursuant to MCL § 15.233, Plaintiff has the right to inspect, copy, and receive copies of public records, including the records requested in the four FOIA requests detailed above, from Defendants CITY OF RIVER ROUGE and COUNTY OF WAYNE.

56.    To date, no information and/or materials have been produced by Defendants CITY OF RIVER ROUGE or COUNTY OF WAYNE in response to any of the four FOIA requests detailed above.

57.     MCL § 15.243(1)(b) provides that investigative records compiled for law enforcement purposes shall be disclosed except where disclosure would unduly interfere with law enforcement proceedings, deprive a person of the right to fair trial or impartial administrative adjudication, or constitute an unwarranted invasion of privacy.

58.     Upon information and belief, the aforementioned exemption within the FOIA statute, the sole exemption cited by either Defendant CITY OF RIVER ROUGE or Defendant COUNTY OF WAYNE, does not apply to the public records held by Defendant CITY OF RIVER ROUGE or Defendant COUNTY OF WAYNE regarding Plaintiff ENRICO MCKINNEY'S injuries and the August 12, 2022 incident.

59.     Defendants CITY OF RIVER ROUGE and COUNTY OF WAYNE bear the burden of proof of establishing an exemption justifying their failure to produce any of the requested public records.

60.     Pursuant to MCL § 15.240, Plaintiff seeks a determination that the denials of the four FOIA requests detailed above by Defendants CITY OF RIVER ROUGE and COUNTY OF WAYNE were improper.

61.     This action was timely filed within 180 days of May 31, 2024.

## **RELIEF REQUESTED**

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court

grant Plaintiff the following relief:

A.  Award compensatory damages in excess of seventy-five thousand dollars ($75,000.00);

B.  Award punitive and/or exemplary damages;

C.  Award actual costs, interest, and attorney fees, including, but not limited to, those available pursuant to 42 USC ¶ 1988;

D.  Declare pursuant to MCL § 15.240 that Defendants CITY OF RIVER ROUGE and COUNTY OF WAYNE's denial of Plaintiff's requests pursuant to the Michigan Freedom of Information Act were improper and order the production of the requested information, as well as associated attorneys available under the Michigan Freedom of Information Act; and

E.  Grant such other and further relief consistent with law and which this Honorable Court deems just and proper under the exercise of its discretion.

Respectfully submitted,

MOSS & COLELLA, P.C.

BY: /s/ A. Vince Colella
A. VINCE COLELLA (P49747)
Attorney for Plaintiff
28411 Northwestern Hwy, Suite 1150
Southfield, MI 48034
(248) 945-0100
DATED:  July 1, 2024                     vcolella@mosscolella.com

16

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ENRICO MCKINNEY,

                                                      Case No.:

                    Plaintiff,

v.

CITY OF RIVER ROUGE,
a Municipal Corporation,
JOHN DOES,
COUNTY OF WAYNE,
a Municipal Corporation,

                    Defendants.

---

MOSS & COLELLA, P.C.
BY: A VINCE COLELLA (P49747)
      MELANIE J. DUDA (P77165)
      MATTHEW C. MCCANN (P85286)
*Attorneys for Plaintiff*
28411 Northwestern Hwy., Suite 1150
Southfield, MI 48034
248-945-0100 / F: 248-945-1801
vcolella@mosscolella.com

---

## **DEMAND FOR JURY TRIAL**

NOW COMES the Plaintiff, ENRICO MCKINNEY, by and through his attorneys, MOSS & COLELLA, P.C., by A. VINCE COLELLA, and hereby requests a trial by jury of the within cause.

17

Respectfully submitted,

MOSS & COLELLA, P.C.

BY: /s/ A. Vince Colella
A. VINCE COLELLA (P49747)
Attorney for Plaintiff
28411 Northwestern Hwy, Suite 1150
Southfield, MI 48034
(248) 945-0100
DATED: July 1, 2024            vcolella@mosscolella.com